

**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

November 19, 2004

Charles Rankin, Esq.
Rankin & Sultan
1 Commercial Wharf North
Boston, MA 02110

    Re:    United States v. Joseph Calcagno

                           04-10350-RCL

Dear Mr. Rankin:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Joseph Calcagno ("Defendant"), in the above-captioned matter. The Agreement is as follows:

    1.    Change of Plea

At the earliest practicable date, Defendant shall waive indictment and plead guilty to a single count of violating 29 U.S.C. § 439(c) (Falsification of Financial Records Required to be Kept by Labor Union), as set forth in an Information in substantially the form attached. Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crime charged in counts 1 of the Information and is in fact guilty of that offense.

    2.    Penalties

Defendant faces the following maximum penalties:

1 year imprisonment
$100,000 fine (or twice the gross gain from the offense)
Restitution up to $$66,632.28.
1 year supervised release
$25 special assessment



3. <u>Sentencing Guidelines</u>

(a) Defendant reserves the right to take the position that the United States Sentencing Guidelines are unconstitutional and cannot properly be applied in this case. Alternatively, defendant reserves the right to take the position that the United States Sentencing Guidelines may serve as a guide to the Court but cannot constitutionally be deemed to bind the Court's sentencing determination.

(b) Notwithstanding his reservation of rights to argue that the United States Sentencing Guidelines are unconstitutional, Defendant agrees that he has been informed of the U.S. Attorney's position that the following Sentencing Factors apply in this case:

   i. With respect to Counts 1 of the Information the aggregate fraud loss caused by the offense and by acts and omissions that Defendant willfully caused and that were part of the same course of conduct and common scheme, was greater than $70,000 but less than $120,000, as described in U.S.S.G. §2B1.1, as referenced in U.S.S.G. §2E5.3(a)(2) (effective Nov. 1, 1999);

   ii. The offense involved more than minimal planning, as described in U.S.S.G. §2B1.1, as referenced in U.S.S.G. §2E5.3(a)(2) [eff. Nov. 1, 1999]; and

   iii. The defendant abused a position of private trust in a manner that significantly facilitated the commission and concealment of the offense, as described in U.S.S.G. §3B1.3 [eff. Nov. 1, 1999].

(c) The U.S. Attorney reserves the right to take the position that the United States Sentencing Guidelines are constitutional and govern this case.

(d) The parties each reserve the right to take any position they deem appropriate with respect to the application of the United States Sentencing Guidelines to this case.

(e) The U.S. Attorney reserves his right to fully inform the Court and the Probation Office with regard to any and all allegations of misconduct by Defendant, including conduct not charged in the Indictment.

(f) Defendant expressly understands that the U.S. Attorney may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

4. <u>Sentence Recommendation</u>

(a)     The parties reserve the right to recommend any sentence, or to make no recommendation, as they see fit.

(b)     The parties each reserve the right to take any position they deem appropriate with respect to any departure from the sentencing range established by the United States Sentencing Guidelines, provided:

> In the event that Defendant seeks a downward departure based upon a claim of exceptional circumstances relating to mental or physical health (his own, or any family member's), Defendant shall provide the U.S. Attorney with copies of all relevant medical records (whether or not Defendant intends to rely upon such records) and shall consent to examination, as requested, by any physician or mental health practitioner selected by the U.S. Attorney. Defendant further agrees to join in any needed motion to continue sentencing in order to allow time for such examination.

(c)     In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5. <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. <u>Court Not Bound By Agreement</u>

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

7. <u>Information For Presentence Report</u>

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets.

8. <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

9. <u>Rejection of Plea By Court</u>

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

10. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

11. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

12. <u>Complete Agreement</u>

This letter contains the complete agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Paul G. Levenson.

        Very truly yours,

        MICHAEL J. SULLIVAN
        United States Attorney

        By: _____
        JAMES B. FARMER
        Assistant U.S. Attorney
        Chief, Criminal Division

        STEPHEN P. HEYMANN
        Assistant U.S. Attorney
        Deputy Chief, Criminal Division

        PAUL G. LEVENSON
        Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss

my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_____
JOSEPH CALCAGNO
Defendant

Date: 11/22/04

I certify that Joseph Calcagno has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_____
CHARLES RANKIN, ESQ.
Attorney for Defendant Joseph Calcagno

Date: 11/22/04